

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable Robert D. Smither
County Attorney
Walker County
Huntsville, Texas

Dear Mr. Smither:　　　　Opinion No. 0-5107

　　　　　　　　　　　　Re: Whether or not a District
　　　　　　　　　　　　　　　Judge may serve as Public
　　　　　　　　　　　　　　　Member of Regional War
　　　　　　　　　　　　　　　Labor Board without vacat-
　　　　　　　　　　　　　　　ing his office of District
　　　　　　　　　　　　　　　Judge.

　　　　We beg to acknowledge receipt of your request
for an opinion from this department with respect to the
above-captioned subject matter.

　　　　First, we shall determine the nature of the
membership in the Regional War Labor Board to see whether
or not its occupancy may be incompatible with our consti-
tutional limitations with respect to dual office-holding.

　　　　On January 24, 1942, the President, by Executive
Order No. 9017, created the National War Labor Board, with
general powers to adjust and settle labor disputes which
might interrupt work which contributes to the effective
prosecution of the war, giving it not only broad but final
jurisdiction in such matters.

　　　　By the President's Executive Order No. 9250, of
date October 3, 1942, the powers, functions and duties
conferred upon the Board by Executive Order No. 9017, were
confirmed and made applicable "to cover all industries and
all employees."

　　　　On January 21, 1943, the National War Labor Board
released its order establishing:

　　　　　　"Twelve Regional War Labor Boards, with
　　　　full authority to make final decisions in
　　　　labor disputes and involuntary wage and sal-
　　　　ary adjustment cases are being established by
　　　　the National War Labor Board under a sweep-

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

ing decentralization program announced
today by the Board.

"Each of the Regional Boards will be
set up on the same tripartite system of pub-
lic, employer and labor representatives as
the National Board. In addition the program
calls for establishment of permanent tripar-
tite panels in all the major cities of the
United States to handle dispute cases, and
to make recommendations to the Regional
Boards. * * *

"The National War Labor Board in Wash-
ington, under the new procedure, will func-
tion as a supreme court for labor disputes,
reserving the right to review Regional
Board decisions on its motion or by grant-
ing a petition to appeal filed by one of
the parties to a case. * * *

"Any party will have the right, within
ten days after the issuance of a directive
order by a Regional Board, to petition to
the National Board for a review of the case."

Further, we are advised that each member of the
Regional Board is required to take an oath of office and
to serve a maximum time of four days monthly with remuner-
ation of $18.00 per day and expenses.

Section 40, of Article XVI, of the Constitution,
declares:
"No person shall hold or exercise, at
the same time, more than one civil office
of emolument", (except certain enumerated
offices and positions).

Membership in such a board is not named in the
exceptions.

Section 33 of the same Article declares:

"The accounting officers of this State
shall neither draw nor pay a warrant upon
the treasury in favor of any person, for
salary or compensation as agent, officer

or appointee, who holds at the same time
any other office or position of honor,
trust or profit, under this State or the
United States, except as prescribed in
this Constitution."

The exceptions do not include the office or
position of the membership involved.

We beg to advise that in our opinion membership
in the Regional War Labor Board does come within the pro-
hibitions of the Constitution in both sections above quoted.

The general characteristics of an office are, (a)
that its incumbent exercises some portion of the sovereign
power of the State; (42 Am. Jur. p. 832, Sec. 4); (b) that
it embraces the idea of tenure and duration; (c) (ibid. p.
883. Sec. 5); and (d) that it embraces the further idea of
fees or compensation; (ibid. p. 884, Sec. 6).

The position of member of the Regional War Labor
Board has all the indicia of an office as contra-distinguish-
ed from an employment or other position whatsoever. While
no one, or even more of the above indicia are conclusive in
all cases, nevertheless each is persuasive.

On June 2, 1942, the Attorney General of Louisiana
held that service as a member of the Parish (county) Ration-
ing Board (without compensation) where the member was requir-
ed to take an oath of office, is an office within the meaning
of the constitution of that state forbidding dual office-
holding.

In the recent cases of Carpenter v. Sheppard, 145
S. W. (2) 562, Spears v. Sheppard, 150 S. W. (2) 769, and
Cramer v. Sheppard, 167 S. W. (2) 147, by our Supreme Court,
the dual office-holdings involved were held to be within
specific exceptions of the Constitution, and therefore not
forbidden, thus emphasizing the necessity for such constitu-
tional exceptions to take such Federal offices out of the
prohibition of our Constitution.

That membership in the Regional War Labor Board,
if not an office, is nevertheless a position of honor, trust
and profit under the United States, within the meaning of
Section 33, of Article XVI, of the Constitution above quoted,

is, we think, beyond controversy.

This department has made many rulings upon very similar, though not identical situations, as follows:

The Lieutenant Governor may not hold the position of Professor of Journalism in the State University, and at the same time receive from the treasury compensation for his official services. (Opinions Attorney General 1912-1914, p. 873).

Other opinions deal with the question of scope of Section 33, Article XVI, involving the following dual services:

Head of Department of Genetics of the A. & M. College and State Seed and Plant Board membership. (Opinion No. 0-4562).

A State officer and Civilian Defense membership. (Opinion No. 0-4542).

State Representative and employment with Federal government as a printer under Civil Service. (Opinion No. 0-3542).

Employee as medical consultant in the Crippled Children's Division of the Department of Education, and Director of the Maternal and Child Health Division of the State Department of Health. (Opinion No. 0-3788).

State or county officer and Supervisor in Soil Conversation District. (Opinion No. 0-3395).

Texas State Board of Medical Examiners and special State Ranger. (Opinion No. 0-3045).

Employee of a State eleemosynary institution and of State Department of Public Welfare. (Opinion No. 0-3061).

Member State Board of Medical Examiners and a special State Ranger. (Opinion No. 0-3045).

Member Board of Directors of the Texas College of Arts and Industries and County Superintendent of Public Instruction. (Opinion No. 0-2991).



Old Age Assistance investigator and employee State Department of Public Welfare. (Opinion No. O-2701).

Inspector for the Texas Liquor Control Board and trustee of an independent school district. (Opinion No. O-2528).

Member County Board of School Trustees and member of local community committee Agricultural Adjustment Administration. (Opinion No. O-2226).

Trusting that what we have said fully answers your inquiry, we are

APPROVED FEB 26, 1943

FIRST ASSISTANT
ATTORNEY GENERAL

Very truly yours

ATTORNEY GENERAL OF TEXAS

By

Ocie Speer
Assistant

OS-MR



APPROVED OPINION COMMITTEE BY BWB CHAIRMAN